### PRITZ et al. v. SMYTH.

(Supreme Court, Appellate Term. February 27, 1906.)

PARTNERSHIP—HOLDING OUT AS PARTNER—EVIDENCE—SUFFICIENCY.

     Evidence on the issue of the liability of defendant as a partner by representation for goods sold examined, and *held* to justify a finding in favor of defendant.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Benjamin Pritz and others against John M. Smyth. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Hyman, Campbell & Eaton, for appellants.

David M. Neuberger, for respondent.

PER CURIAM. If the sale from which this action arises had been the first transaction between the parties, it might be said that a strong case was made out for holding defendant liable as a partner of his brother by representation. It appears, however, that plaintiffs had been dealing with both brothers for some time; selling and billing goods to them separately, and never until this one transaction undertaking to charge or hold them jointly for a shipment made to one. The facts relied on to establish a partnership by estoppel are merely indicative of such a relation, but by no means conclusive. If it appeared that the plaintiffs, relying upon these facts, believed that there was a partnership, and relied thereon in making the sale, there would be much that might be said in favor of a reversal of the judgment. It does not appear that they did so rely, however, either in former transactions or in the present one. Their reliance in this case seems to have been upon the joint order to which their salesman testified. He was contradicted by both brothers, and we see no reason for overruling the finding of the justice upon this disputed question of fact.

Judgment must be affirmed, with costs.